UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00148-AH-(MBKx) | Date | April 6, 2026 |
| Title | Jason B. Sweeney v. Patrice and Associates, LLC et al. | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND [14] [JS-6]**

Before the Court is Plaintiff Jason B. Sweeney's ("Plaintiff") Motion to Remand ("Motion"). Mot., Dkt. No. 14. Defendants Patrice Franchising LLC,[1] Jason Miller, James Hinchey, and Sabrina Demetriades (collectively, "Defendants") filed an opposition to the Motion. Opp'n, Dkt. No. 21. Plaintiff filed a reply. Dkt. No. 24. The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

## I.    BACKGROUND[2]

This action was originally brought in the San Luis Obispo Superior Court on December 3, 2025. *See* Compl., Dkt. No. 1-1. The Complaint alleges nine causes

---

[1] Defendants assert Patrice Franchising LLC was improperly named as Patrice & Associates, LLC in the Complaint. Opp'n at 1. Plaintiff filed an amendment to the Complaint on December 10, 2025, correcting Defendant Patrice & Associates, LLC to Patrice Franchising, LLC. *See* Amendment to Compl., Dkt. No. 1-1.

[2]

of action, including: (1) fraudulent inducement, (2) negligent misrepresentation, (3) violation of California Franchise Investment Law (Cal. Corp. Code §§ 31200, 31201, 31410, 31512), (4) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), (5) breach of contract, (6) breach of implied covenant of good faith and fair dealing, (7) declaratory relief, (8) recission, and (9) restitution / money had and received.  *See* Compl. ¶¶ 28-39.  On January 7, 2026, Defendants removed this action to federal court, asserting diversity jurisdiction. Notice of Removal ("NOR"), Dkt. No. 1 at 1-2.  Defendants filed an answer to the Complaint on January 15, 2026.  Answer, Dkt. No. 7.  On February 3, 2026, Plaintiff filed the instant Motion.  Mot.

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "The party invoking the removal statute has the burden of establishing federal jurisdiction."  *Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs.  28 U.S.C. §§ 1331, 1332(a).  There is a "strong presumption against removal jurisdiction," and "the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).  District courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## III.    DISCUSSION

Plaintiff argues that Defendants have failed to establish the diversity of the parties, but Plaintiff does not dispute the amount in controversy.

For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  An LLC "is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th

Cir. 2006).  To properly allege diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016).  "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "The natural person's state citizenship" is determined by the individual's "state of domicile, not her state of residence." *Id.*  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  "A trust has the citizenship of its trustee or trustees." *Johnson*, 437 F.3d at 899.

According to the declaration submitted by Defendants, Patrice Franchising, LLC is wholly owned by Patrice Holdings, LLC, which has two members: Patrice & Associates, Inc.[3] and CCG Patrice LLC.  Miller Decl. ¶¶ 4-5.  CCG Patrice LLC has two LLC members, CCG Patrice Investors, LLC and Conscious Capital Growth, LLC.  *Id.* ¶ 6.  Members of the two LLCs include trusts, a corporation, and LLCs, with individual and trust members.  *Id.* ¶¶ 8-10.

In its opposition, Defendants assert that the various LLCs' members are "citizens" of Connecticut, Texas, Arizona, Florida, Maryland, and South Africa, which are all diverse from Plaintiff, who is a citizen of and domiciled in California.  Opp'n at 2-3.  Although Defendants' Opposition concludes that the various LLCs' members are citizens of diverse states, the declarations accompanying the Notice of Removal and Opposition do not establish individual members' citizenship or domicile.  Miller Decl., Dkt. No. 21-1, ¶¶ 5-10; Morgan Decl., Dkt. No. 1-2, ¶¶ 4-7.   Rather, the evidence submitted only establishes the residence, not citizenship, of certain natural persons, and for some trusts, Defendants only refer to the state whose law governed the formation of the trust, falling short of the requirement to allege the trustee's citizenship for purposes of establishing diversity jurisdiction.  Miller Decl. ¶¶ 5-10; Morgan Decl., Dkt. No. 1-2, ¶¶ 4-7.  For example, Miller's Declaration states that several trusts such as the Ira J Gaines Revocable Trust are members of CCG Patrice Investors, LLC and were "formed under the laws of the State of Arizona," but does not refer to the citizenship of the trustee or trustees.  *Id.* ¶ 9.  The sole member of Kairos Holdings, LLC is Heather Elrod, who Defendants assert "is an Arizona resident"; Defendants' supporting declaration, Opposition,

---

[3] Defendants assert Patrice & Associates, Inc. is a Maryland corporation with its principal of business in Arizona.  *See* Miller Decl. ¶ 6.

and Notice of Removal however, do not assert Elrod's citizenship or allege other facts to support a finding that Elrod is domiciled in Arizona.  *Id.* ¶ 8.  Defendants' opposition also incorporates their Notice of Removal and supporting evidence, but the declaration attached only asserts the residency of Jason Miller, James Hinchey, and Sabrina Demetriades.  Morgan Decl., Dkt. No. 1-2, ¶¶ 4-7.  Although Defendants' Opposition concludes the individual Defendants are citizens of Connecticut, Texas, and Arizona, respectively, the declaration accompanying the Notice of Removal does not refer to the individual Defendants' citizenship or otherwise establish domicile.  The Court finds Defendants have not established diversity of citizenship.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.  The case is remanded to the San Luis Obispo Superior Court, Case No. 25CV0456.  The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**